# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN K. HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16 CV 36 CDP |
| | ) | |
| KEVIN SHOEMAKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to commence this action without payment of the required filing fee [Doc. 2]. After reviewing plaintiff's financial information, the Court will grant the motion and assess plaintiff an initial partial filing fee of $15.58, which is twenty percent of his six-month average deposits. Additionally, the Court will order plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v.*

*Hernandez*, 112 S. Ct. 1728, 1733 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**The Complaint**

Plaintiff, an inmate at the Booneville Treatment Center, brings this action under 42 U.S.C. § 1983 action against Kevin Shoemaker (Sheriff), Allan Wyatt, Jossua Messner, Drew Belt, Jesse Palermo ("Jailer"), and Krista Bruno.  Plaintiff alleges that, on September 4, 2015, he was denied medical treatment and medicine, causing him "to fall down the stairs within the facility," which resulted to injuries to his neck and back.  He alleges that defendant Shoemaker failed to provide handicap railings.  In addition, plaintiff alleges that on September 25, 2015, "Macon County jailers" caused him to "share the same diabetic needle with other inmates of other diseases."  He is suing defendants in both their individual and official capacities.

**Discussion**

At the outset, the Court notes that plaintiff has failed to assert specific allegations and claims against all of the named defendants, and he has failed to identify all but two of the defendants as state actors. Moreover, plaintiff seems to be attempting to bring multiple claims against multiple parties, and the claims do not arise out of the same transaction or occurrence. This is not allowed.[1]

Because plaintiff is proceeding pro se and in forma pauperis, the Court will give him an opportunity to file an amended complaint in this action. In so doing, plaintiff should select the transaction or occurrence he wishes to pursue, in accordance with Rules 18 and 20 of the Federal Rules of Civil Procedure, and file an amended complaint, limiting his facts and allegations to the defendant(s) involved in said occurrence. Plaintiff should only include in his amended complaint those claims that arise out of the same transaction or occurrence, or simply put, claims that have some relation to each other. *See* Fed.R.Civ.P. 20(a)(2).

---

[1] Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."

Rule 20(a)(2) of the Federal Rules of Civil Procedure allows for joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."

Alternatively, plaintiff may choose to select one defendant and set forth as many claims as he has against that single individual. *See* Fed.R.Civ.P. 18(a).

Moreover, plaintiff is advised that all claims in an action must be included in one, centralized complaint form, as neither the Court nor defendants wish to search through supplemental and prior pleadings in order to piece together plaintiff's claims. **As such, plaintiff is warned that the filing of an amended complaint replaces the original complaint, supplements, and all previously-filed pleadings and exhibits, and therefore, he must include each and every one of the claims he wishes to pursue in the amended complaint.** *See, e.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered**. Id. **Plaintiff is advised that the amended complaint will replace the original complaint and supplements and will be the only pleading this Court reviews.** *Id.* **If plaintiff wishes to sue defendants in a particular capacity, plaintiff must specifically say so in the amended complaint.**

Plaintiff is reminded that he is required to submit his amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Specifically, in the "Caption" of the form complaint, plaintiff

shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim," plaintiff shall start by typing or legibly writing the first defendant's name and title, and under the name and title, he shall set forth in separate numbered paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated. **If plaintiff is suing more than one defendant, he shall proceed in this manner with each of the named defendants, separately setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular defendant violated.** It is improper for plaintiff to name multiple defendants and generally allege that "defendants" violated his constitutional rights. Rather, he must set forth his claims, separately and in numbered paragraphs, as to each named defendant, the specific allegations relative to that particular defendant, as well as the right(s) allegedly violated. **Plaintiff is instructed not to attach any exhibits to the amended complaint.**

The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances. If plaintiff needs more space, he may attach additional sheets of paper to the

amended complaint and identify them as part of the "Caption" or "Statement of Claim."  Because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time.

If plaintiff wishes to pursue additional claims against additional defendants, and the claims to not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim(s) on a separate complaint form and either pay the entire filing fee or file a motion for leave to proceed in forma pauperis.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $15.58 within thirty (30) days from the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint, in accordance with the instructions set forth in this Memorandum and Order, no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff a blank form for the filing of a prisoner civil rights complaint. Plaintiff may request additional forms from the Clerk, as needed.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action, without prejudice and without further notice.

Dated this 6th day of July, 2016.

*/s/ Catherine D. Perry*
**UNITED STATES DISTRICT JUDGE**