UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN K. HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-CV-36-CDP |
| | ) | |
| KEVIN SHOEMAKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Plaintiff, proceeding pro se and in forma pauperis, brings this civil action alleging violation of his Eighth and Fourteenth Amendment rights based upon different unrelated events occurring at different times during his incarceration at the Macon County Jail in Macon County, Missouri in 2014.

In his original complaint, plaintiff set forth numerous allegations against numerous defendants based upon unrelated events that occurred at different times. The Court noted that plaintiff had failed to assert specific allegations and claims against all of the named defendants, and failed to identify all but two of the defendants as state actors. The Court also noted that plaintiff appeared to be bringing multiple claims that did not arise from the same transaction or occurrence against multiple parties, a practice that is forbidden. The Court ordered plaintiff to submit an amended complaint, specifically instructing him to include facts and allegations related only to the transaction or occurrence he selected, Fed. R. Civ. P. 20(a)(2), or alternately,

1

name a single defendant and set forth as many claims as he had against that defendant. Fed. R. Civ. P. 18(a).[1]

Plaintiff submitted an amended complaint, naming as defendants Kevin Shoemaker and Alan Wyatt. The amended complaint contains the same defects of the first. In addition, plaintiff failed to sign the amended complaint. Some of the allegations therein are as follows. On September 4, 2014, defendants denied plaintiff medical treatment and medicine, causing him to fall down the stairs and injure his back and neck. From August 2014 through October, 2014, defendants "in their official capacities"[2] violated his Constitutional rights when they failed to provide handicap access for plaintiff to travel the stairs. From August 2014 through October 2014 defendants violated plaintiff's Eighth Amendment rights when they made him share intravenous needles with other inmates. Defendants failed to properly supervise their employees in terms of providing proper medical care, and also, along with "their employees agents and representatives," violated his rights on September 24, 2014 when they took him to the hospital for testing. Defendants refused plaintiff medical treatment, and they failed to supervise employees generally causing plaintiff to suffer falls. Defendant Shoemaker along with the head administrator of the Macon County Jail violated plaintiff's Eighth and Fourteenth Amendment rights by failing to properly supervise employees and agents of the Macon County Jail in the medical treatment and conditions of the facility. The amended complaint continues in this

---

[1] Rule 18(a) of the Federal Rules of Civil Procedure states: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."
Rule 20(a)(2) of the Federal Rules of Civil Procedure allows for joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."

[2] This specification of capacity is the only mention in the amended complaint of the capacity in which plaintiff intends to sue the defendants.

2

manner, alleging violations of his constitutional rights stemming from different transactions and/or occurrences and involving the defendants acting together, individually, and in concert with other unnamed/unidentified individuals.

Because plaintiff is proceeding pro se, he will be given the opportunity to submit an amended pleading. Plaintiff is instructed to select the transaction or occurrence that he wishes to pursue, in accordance with Rules 18 and 20 of the Federal Rules of Civil Procedure, and file a second amended complaint limiting his facts and allegations to the defendant(s) involved in that transaction or occurrence. In the alternative, plaintiff may select a single defendant and allege all of the claims he has against such defendant. All claims in this action must be included in one, centralized complaint form, as neither the Court nor defendants wish to search through supplemental and prior pleadings in order to piece together plaintiff's claims. Plaintiff must not attach exhibits to the second amended complaint. **Plaintiff is reminded that he must sign the second amended complaint. E.D.Mo. L.R. 2.01. If plaintiff wishes to sue any defendant in his or her individual capacity, he must specifically say so in the second amended complaint.**

Plaintiff is reminded that he is required to submit his second amended complaint on a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Specifically, in the "Caption" of the form complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim," plaintiff shall start by typing or **legibly printing** the first defendant's name and title, and under the name and title, he shall set forth in separate numbered paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated. **If plaintiff is suing more than one defendant, he shall proceed in this manner with each of the named defendants, separately setting forth each individual name and under that name, in**

**numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular defendant violated.** It is improper for plaintiff to name multiple defendants and generally allege that they violated his constitutional rights. Rather, he must set forth his claims, separately and in numbered paragraphs, as to each named defendant, the specific allegations relative to that particular defendant, as well as the right(s) allegedly violated.

Again, the second amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances related to the transaction or occurrence of which plaintiff is complaining. If plaintiff needs more space, he may attach additional sheets of paper to the second amended complaint and identify them as part of the "Caption" or "Statement of Claim." Because the Court is allowing plaintiff to amend his complaint, it will take no action as to the named defendants at this time.

**If plaintiff wishes to pursue additional claims against additional defendants, and the claims do not arise from the same transaction or occurrence he has chosen to advance in his second amended complaint, he must file each separate claim(s) on a separate complaint form in a separate civil action, and either pay the statutory filing fee <u>or</u> file a motion for leave to proceed in forma pauperis in such separate civil action.**

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall submit a second amended complaint, in accordance with the instructions set forth in this Memorandum and Order, no later than twenty-one (21) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff three (3) blank forms for the filing of a prisoner civil rights complaint. Plaintiff may request additional forms from the Clerk, as needed.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action, without prejudice and without further notice.

Dated this 28th day of November, 2016.

*/s/ Catherine D. Perry*
**CATHERINE D. PERRY**
**UNITED STATES DISTRICT JUDGE**