UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JOHN K. HOUSTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:16-cv-36-CDP |
| KEVIN SHOEMAKER, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court *sua sponte*. The amended complaint and all of plaintiff's causes of action against defendants will be dismissed because of plaintiff's failure to meet the requirements of Rule 20 of the Federal Rules of Civil Procedure, and because plaintiff failed to comply with the Court's November 28, 2016 order.

**Procedural History**

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil action on May 25, 2016. There were numerous problems with the original complaint. One was that it failed to meet the requirements of Rule 20 of the Federal Rules of Civil Procedure, in that it sued numerous defendants based upon unrelated events that occurred at different times during plaintiff's incarceration in the Macon County Jail. In addition, the original complaint failed to assert specific allegations and claims against each named defendant, and it failed to identify all but two defendants as state actors.

Recognizing that leave to amend should be freely given when justice so requires, Fed. R. Civ. P. 15(a), the Court entered an order giving plaintiff the opportunity to submit an amended complaint. (Docket No. 4/filed July 6, 2016). In that order, the Court explained to plaintiff that, although he had the right under Rule 18(a) of the Federal Rules of Civil Procedure to join in one

action all claims he may have against a particular defendant, under Rule 20(a), he could not join multiple persons as defendants and sue them on disparate and unrelated claims. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (finding that the district court should have rejected a prisoner's complaint that brought a "hodgepodge of allegations" against numerous named defendants, and the only thing that connected the claims was the prisoner's place of incarceration). The Court also ordered plaintiff to pay an initial partial filing fee of $15.58. Plaintiff's response to the Court was due August 5, 2016.

On August 8, 2016, plaintiff filed an amended complaint, naming as defendants Kevin Shoemaker and Alan Wyatt.[1] Plaintiff did not sign the amended complaint, and he again attempted to sue more than one defendant for numerous unrelated claims. For example, plaintiff alleged that, on September 4, 2014, defendants denied him medical treatment and medicine, causing him to fall down the stairs and injure his back and neck. Next, plaintiff alleged that, from August 2014 through October, 2014, defendants violated his Constitutional rights when they failed to provide handicap access for him to travel the stairs. Plaintiff also alleged that defendants forced him to share intravenous needles with other inmates, violated his rights on September 24, 2014 when they took him to a hospital for testing, failed to supervise their employees in terms of providing medical care for various medical conditions, and failed to supervise employees related to the conditions of the facility. The amended complaint continues in this manner, alleging that the defendants committed a variety of wrongdoing together, alone, and also in concert with other unidentified individuals. In sum, the amended complaint was a morass of disconnected claims that failed to meet the requirements of Rule 20 of the Federal Rules of Civil Procedure.

---

[1] Also on August 8, plaintiff moved for an extension of time to pay the initial partial filing fee. The Court granted the motion, giving plaintiff an extension to September 14, 2016. Plaintiff did not comply, however, and the Court entered an order on November 7, 2016 directing him to show cause, no later than November 15, 2016, why his case should not be dismissed due to his failure to comply with the Court's July 6, 2016 order. Plaintiff finally paid the initial partial filing fee on November 14, 2016.

On November 28, 2016, the Court again explained to plaintiff that he had failed to meet the requirements of the Federal Rules of Civil Procedure and had also failed to sign the amended complaint, again explained to him his options regarding joinder of claims and joinder of parties as provided in Rules 18 and 20, and gave him a final opportunity to submit a conforming pleading. In so doing, the Court warned plaintiff that his failure to comply would result in the dismissal of his case without prejudice and without further notice to him. Plaintiff's response to the Court was due no later than December 19, 2016. As of the date of this Memorandum and Order, plaintiff has neither responded to the Court's November 28, 2016 order nor sought additional time to do so.

**Discussion**

Rule 20(a)(2) of the Federal Rules of Civil Procedure concerns joinder of parties, and is relevant in cases that involve more than one defendant. Rule 18 governs the joinder of claims. *See* Fed. R. Civ. P. 18(a), 20(a)(2). In actions where more than one defendant is named, such as the one at bar, the analysis under Rule 20 precedes that under Rule 18. CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 1655 (3d ed. 2016).

Rule 20(a)(2) provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Rule 18(a) provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Rule 18(a) allows a plaintiff to join multiple defendants in a single action only if he asserts a claim or claims against each of them that arises out of the same transaction or occurrence, and presents questions of law or fact common to all. Therefore, a civil plaintiff may not name more than one defendant unless one claim against each additional defendant is transactionally related to the claim against the first defendant, and involves a common question of

3

law or fact. Unrelated claims against different defendants belong in different suits. In cases filed by non-prisoners, this requirement prevents the complication and confusion that results from multi-claim, multi-defendant lawsuits. In the context of cases filed *in forma pauperis* by prisoners, it serves the additional purpose of ensuring that prisoners pay the required filing fees, for the Prison Litigation Reform Act limits to three the number of frivolous suits or appeals a prisoner may bring *in forma pauperis*. 28 U.S.C. § 1915(g).

The Court recognizes that pleadings filed by *pro se* plaintiffs are entitled to liberal construction. Even so, plaintiff's failure to conform his pleading to the Federal Rules in this case cannot be excused, especially in light of the fact that he was given ample opportunity to amend. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) (*quoting Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) (while a *pro se* prisoner's pleadings should be liberally construed, it has never been suggested that procedural rules should be interpreted to excuse mistakes made by *pro se* litigants; "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.").

The amended complaint is also subject to dismissal due to plaintiff's failure to comply with the Court's November 28, 2016 order. Federal Rule of Civil Procedure 41(b) addresses the dismissal of a case for failure to comply with Court orders. The United States Supreme Court has held the power to dismiss under Rule 41(b) includes the power to dismiss *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

Plaintiff's response to the Court was due by December 19, 2016. To date, he has filed nothing. Plaintiff's refusal to respond in any way to the Court, combined with his prior failure to follow the Court's instructions regarding submitting an amended complaint, and his failure to pay the initial partial filing fee until threatened with dismissal of his case, leads the Court to conclude that plaintiff's failure to comply with its November 28, 2016 order is intentional, rather than

accidental or involuntary. Considering the totality of the circumstances of this case, the Court concludes that plaintiff is uninterested in following Court orders or the Federal Rules of Civil Procedure, or in prosecuting his case in a serious manner. *See* Fed. R. Civ. P. 41(b); *see also Rodgers v. Curators of Univ. Of Mo.*, 135 F.3d 1216, 1219-20 (8th Cir. 1998) (upholding the district court's Rule 41 dismissal after the plaintiff refused to comply with court orders, finding the district court did not need to find that the plaintiff acted in bad faith, only that the failure to comply was intentional as opposed to accidental or involuntary); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (holding that a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order). Finally, the amended complaint is subject to being stricken because plaintiff failed to sign it and failed to correct that omission after it was called to his attention. *See* Fed. R. Civ. P. 11(a).

Accordingly,

**IT IS HEREBY ORDERED** that the amended complaint and all of plaintiff's causes of action against defendants are **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 4th day of January, 2017.

                                              /s/ Catherine D. Perry
                                              CATHERINE D. PERRY
                                              UNITED STATES DISTRICT JUDGE